This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38906**

**V PROPERTIES LLC,**

Plaintiff-Appellant,

v.

**RAINBOW USA, INC.**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Domenici Law Firm, P.C.
Pete Domenici Jr.
Reed Easterwood
Albuquerque, NM

for Appellant

Vance, Chavez & Associates, LLC
James A. Chavez
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff appeals from the district court's order granting Defendant's motion for summary judgment. Unpersuaded that Plaintiff's docketing statement demonstrated error on appeal, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded to our notice with a memorandum in opposition, and Defendant has responded with a memorandum in support. After due consideration, we remain unpersuaded that Plaintiff established error and affirm.

**{2}**     Plaintiff's docketing statement listed two issues. First, Plaintiff claimed the district court erred by not allowing it "a reasonable opportunity to present evidence as to the commercial setting, purpose, and effect of ¶ 12.17 [of the Lease] when it dismissed Plaintiff's claim of unconscionability and unenforceable penalty without a hearing at the beginning of the litigation[.]" [DS 12] Plaintiff also claimed the district court erred by concluding there were no disputed material facts as to the effect of the challenged contract clause when it rejected Plaintiff's claim of unconscionability and disallowed a hearing with evidence. [DS 17]

**{3}**     We issued a notice explaining the doctrine of unconscionability and examined the undisputed facts underlying Plaintiff's claim and the lease provision at issue, in an effort to identify the appropriate analytical framework for Plaintiff's unusual claim. [CN 2-4] Having determined that there was no allegation and no basis for an allegation that there was any unfairness in the formation of the contract, we determined that Plaintiff's claim is one of substantive unconscionability. [CN 3-4]

**{4}**     Plaintiff's memorandum in opposition to our notice asserts that there are disputed material facts as to the relative bargaining power of the parties. [MIO 11, 14]  Plaintiff refers us to an affidavit in the record explaining that the clause was non-negotiable when it was drafted by Defendant's predecessor. [MIO 14] It also states that after Plaintiff and Defendant entered into the Lease, both parties suffered sagging sales as a result of the anchor tenant leaving the shopping center. [MIO 14] It is also undisputed, however, that Plaintiff and Defendant renegotiated the lease upon reassignment of the lease to Defendant and that the anchor store, Staples, was in operation at the shopping center at that time. [RP 1-2, 9-15, 215-16, 218, 220-21] We fail to see why events prior and subsequent to the formation of the contract between Plaintiff and Defendant are relevant to the factual circumstances of the contract formation at issue. *See Peavy by Peavy v. Skilled Healthcare Grp., Inc.*, 2020-NMSC-010, ¶ 11, 470 P.3d 218 ("Procedural unconscionability considers the factual circumstances of a contract's formation."). Thus, we are not persuaded Plaintiff has demonstrated the existence of a disputed material fact as to a claim of procedural unconscionability.

**{5}**     Under the substantive unconscionability analysis, Plaintiff is required to allege sufficient facts to establish that the rent abatement provision is "unreasonably favorable to one party while precluding a meaningful choice of the other party," *id.* ¶ 10 (internal quotation marks and citation omitted), or otherwise "illegal, contrary to public policy, or grossly unfair," *Fiser v. Dell Computer Corp.*, 2008-NMSC-046, ¶ 20, 144 N.M. 464, 188 P.3d 1215 (holding that where a contract term for binding arbitration constituted a class action ban, the contract violated public policy and was unenforceable, in a purely substantive unconscionability analysis).

**{6}**     In our notice, we observed that Plaintiff did not assert that exclusivity or non-compete provisions in commercial leases are illegal or inherently unfair. [CN 4-5] Further, we recognized that the provision at issue is not even a pure exclusivity provision. [CN 5] The provision does not prohibit Plaintiff from leasing adjoining space to a direct competitor; it permits Plaintiff to lease space in the same shopping center to a

direct competitor of Defendant, which triggers a reduction in rent for Defendant and a right for Defendant to terminate the lease during the time that Defendant's competitor is in operation at the shopping center. [RP 45-46; CN 5] We explained that on its face, ¶ 12.17 of the Lease permits both parties to make business decisions that do not appear to be unfairly or unreasonably one-sided and do not appear to unfairly or unreasonably benefit one party or preclude either party from exercising a right. *See Peavy*, 2020-NMSC-010, ¶¶ 18-19 (explaining that the unconscionability inquiry looks for illegality, a lack of mutuality, and for gross unfairness and unreasonableness of the terms on their face). [CN 5]

{7}     Our notice proceeded to compare Plaintiff's claim of unconscionability to those successful claims in our case law and proposed to conclude that the lease provision at issue does not bear resemblance to contract provisions our courts have determined to be substantively unconscionable. *See id.* ¶¶ 25-26, 30 (holding that arbitration agreements that require arbitration for all likely claims from one party and exclude the drafter's likeliest claims from mandatory arbitration are facially one-sided terms that must be justified as facially fair and reasonable); *State ex rel. King v. B&B Inv. Grp., Inc.*, 2014-NMSC-024, ¶¶ 14, 20, 27, 36, 41, 52, 329 P.3d 658 (holding that the defendant's "signature loans" were procedurally and substantively unconscionable in that they preyed on borrowers' lack of financial sophistication, exploited borrowers' disadvantage, were contracts of adhesion, contained terms that prohibited borrowers from improving their credit scores and could only negatively impact their credit scores, required borrowers to bear collections costs, contained fees that add to the cost of the loan, and contained an acceleration-upon-default clause, which combined with the quadruple-digit interest rate made the loans grossly unfair and oppressive).

{8}     Our notice further observed that Plaintiff's claim of unconscionability was based, not on any unfairness on the face of the lease agreement at the time it was made, but on the manner in which the provision played out after Plaintiff's actions triggered the rent abatement. [CN 6; MIO 187] With a claim of substantive unconscionability, we look at the face of the agreement at issue "to determine the legality and fairness of the contract terms themselves." *Peavy*, 2020-NMSC-010, ¶ 20 (internal quotation marks and citation omitted). Additionally, our Supreme Court has long stated that a court may fashion a remedy to a contract or term that is " 'unconscionable at the time the contract is made.' " *Cordova v. World Fin. Corp.*, 2009-NMSC-021, ¶ 39, 146 N.M. 256, 208 P.3d 901 (quoting *Padilla v. State Farm Mut. Auto. Ins. Co.*, 2003-NMSC-011, ¶ 15, 133 N.M. 661, 68 P.3d 901); *cf. Peavy*, 2020-NMSC-010, ¶ 30 (focusing on the consciionability of the contract term at the time the contract was made and rejecting a claim that the fact that the one-sided contract term was not cost-efficient to use and it had not been used in the one-sided manner it was drafted, because that was of "little assurance" to the Court "that one day it will not be" (internal quotation marks and citation omitted)).

{9}     To the extent that Plaintiff believes the district court erred by denying it the opportunity to present further factual development of the unfairness that occurred based on the enforcement of the rent abatement provision, we are not persuaded this was necessary under the above-stated analysis for unconscionability. Our notice further

relied on the grounds on which a similar claim was rejected by our Supreme Court: (1) there was no showing that the purpose of the contract term was to impose the harm the evidence would have shown; and (2) there was no evidence "from which the court could conclude that, in the commercial setting in which the clause operated, it constituted oppression and unfair surprise, rather than simply a bad bargain." *State ex rel. State Highway & Transp. Dep't v. Garley*, 1991-NMSC-008, ¶ 34, 111 N.M. 383, 806 P.2d 32. [CN 7]

{10}    In support of its contention that the rent abatement provision is an unreasonable penalty and that it would be permitted to develop supporting facts, Plaintiff relied in its docketing statement on out-of-state case law without demonstrating why those cases are consistent with New Mexico law. [DS 8-9, 15, 18-19] Accordingly, our notice explained that to the extent Plaintiff relies on out-of-state case law that may be inconsistent with opinions from our New Mexico Supreme Court described above, we are bound by Supreme Court precedent and will follow its direction. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶¶ 20-22, 135 N.M. 375, 89 P.3d 47. [CN 7-8]

{11}    In response to our notice, Plaintiff contends for the first time on appeal that the rent abatement provision operates as a liquidated damages clause that requires development of the record. [MIO 8-11] For the first time in its pleadings to this Court or the district court, Plaintiff refers to NMSA 1978, Section 55-2-718(1) (1961) to support its contention that a penalty fixed for breach must be reasonable in light of the harm anticipated or suffered or it will be unenforceable as void under public policy. [MIO 8] Presuming Plaintiff does not need to amend the docketing statement to add this contention and presuming Plaintiff adequately preserved its argument that rent abatement constitutes a liquidated damage clause under Section 55-2-718(1), we are not persuaded.

{12}    Section 55-2-718 of the Uniform Commercial Code relates to sales and other transactions in goods, not to leases of real property. *See* NMSA 1978, § 55-2-102 (1961) ("Unless the context otherwise requires, this article applies to transactions in goods[.]"); NMSA 1978, § 55-2-105(A) (1961) (" 'Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action."). Also, Section 55-2-718(1) expressly applies to damages for *breach* of a contract for the sale of "goods." Likewise, the New Mexico case upon which Plaintiff relies involved a breach of a subcontract for prepared concrete pavement and a prevailing liquidated damages clause. *See Gruschus v. C.R. Davis Contracting Co.*, 1965-NMSC-099, ¶¶ 3, 4, 12, 14, 16, 75 N.M. 649, 409 P.2d 500. [MIO 2] As the facts set forth in our notice and above demonstrate, there is no allegation or basis for an allegation that either party breached the Lease. [CN 5] The parties have acted in conformity with the provisions in the Lease, and Plaintiff wishes to modify them. Accordingly, we are not persuaded by Plaintiff's contention that the rent abatement clause constitutes a liquidated damages clause under New Mexico law. To the extent Plaintiff asks that we adopt approaches taken in other states, Plaintiff has not

demonstrated that those approaches as applied to the facts of the current case are consistent with the law in New Mexico.

**{13}** For the reasons set forth in our notice and in this opinion, we affirm the district court's order granting summary judgment in favor of Defendant.

**{14} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**